

**IT IS ORDERED as set forth below:**


**Date: June 26, 2023**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| GINGER LEIGH SMITH, | : | BANKRUPTCY CASE |
| | : | NO. 22-11173-LRC |
| Debtor. | : | |
| | : | ADVERSARY PROCEEDING |
| GINGER LEIGH SMITH, | : | NO. 22-01014 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MELISSA P. SANFORD, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## <u>ORDER</u>

On May 24, 2023, the Court held in abeyance the complaint (the "Complaint") filed

by Ginger Leigh Smith ("Plaintiff") against Melissa P. Sanford ("Defendant"). (Doc. 18, the "Order").[1]  The Court also directed the parties to file a joint status report within thirty (30) days.[2]  As Defendant's counsel correctly noted in his status report, in the Order, the Court noted its inclination to rule in favor of Defendant that the debt owed by Plaintiff to Defendant is nondischargeable as a "domestic support obligation" because the fee was awarded under O.C.G.A. § 19-9-3(g) and was not intended as a discovery sanction. Recognizing the importance of the issue to Plaintiff's related bankruptcy case, the Court gave Plaintiff an opportunity to request a determination from the domestic court as to its intent in awarding the fees.  The purpose of the status report was to notify the Court as to whether Plaintiff would avail herself of the opportunity.[3]

Plaintiff has now reported that she does not intend to seek clarification from the domestic court.  (Doc. 20).  The Court hereby adopts and incorporates the Order and, having

---

[1]  The Complaint sought a determination that a debt owed by Plaintiff to Defendant is not nondischargeable under § 523(a)(5). This matter constitutes a core proceeding over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 1334; 157(b)(2)(I).

[2]  Plaintiff's counsel opted instead to file a separate status report, allegedly because Defendant's counsel failed to respond to his request to file a joint status report.  According to Defendant's counsel, Plaintiff's counsel filed his separate report one day after having reached out to Defendant's counsel when he was on vacation.  Defendant's counsel asserts that he would have filed a joint status report if given an opportunity.  Considering the status report deadline was still weeks away when Plaintiff filed the status report, the Court is at a loss to understand why Plaintiff did not wait for Defendant's counsel to respond.

[3]  As Defendant notes, Plaintiff also used the opportunity to file an "unsolicited brief."  The Court did not give Plaintiff permission to file an additional brief and, therefore, has not considered the brief in making its decision on the Complaint.

applied the undisputed material facts[4] related in the Order to the applicable law also described therein, the Court concludes that Defendant has met her burden to demonstrate that the debt owed by Plaintiff to Defendant is a "domestic support obligation" within the meaning of 11 U.S.C. § 101(14A). Therefore, the Court will enter judgment in favor of Defendant finding that the debt at issue is nondischargeable under § 523(a)(5).

As noted in the Order, to determine whether a debt is a "domestic support obligation," the Court undertakes a simple inquiry as to whether the obligation can legitimately be characterized as support. The general rule is that fees awarded in a child custody proceeding are in the nature of support because the determination of custody is essential to the welfare of the children. Plaintiff is correct that it is not an irrebuttable presumption, but the Court finds that the record does not support the existence of unusual circumstances or that the fees awarded were intended as a sanction. In the Order, the Court rejected Plaintiff's argument that special circumstances existed and concluded that the

---

[4] The parties filed a stipulation of facts (the "Stipulation") and apparently also agreed to allow the Court to consider the orders entered by the domestic court and filed on the docket. *See* Doc. 11, at 3-4 ("In the interest of conserving time and resources, the attorneys do not foresee the need for discovery or live witnesses, and believe that uncontested motions of record, court orders, and/or partial transcripts from the subject state court proceeding will suffice as evidence both for the parties and for the Bankruptcy Court's decision."). As noted in the Order, the Court did not consider any additional facts that were stated in the briefs unless they were contained in the Stipulation or ascertainable from a motion or court order attached as an exhibit to Plaintiff's brief.

3

limited record supported a finding that the fees were not awarded as a sanction but gave Plaintiff an opportunity to seek clarification from the domestic court that would convince the Court otherwise.  As Plaintiff has decided not to do so, the Court confirms its prior conclusion.

In his oral ruling, Judge Coker appeared to grant the $10,000 in fees solely under O.C.G.A. § 9-11-37, yet he signed the Final Order, which included a citation to O.C.G.A. § 19-9-3(g).  Further, at the hearing, Judge Coker found that "attorney's fees are reasonable in this case," which appears to be a reference to § 19-9-3(g)'s provision allowing the judge to "order reasonable attorney's fees" of a child custody action "to be paid by the parties in proportions and at times determined by the judge."  In contrast, § 9-11-37(a)(4)(A) specifies that when a motion to compel is granted, the court shall award "the moving party the reasonable expenses *incurred in obtaining the order*, including attorney's fees."  O.C.G.A. § 9-11-37(a)(4) (emphasis added).  The domestic court had previously ordered Plaintiff to pay $750 as the reasonable expense incurred by Bigham in obtaining an order on the Motion to Compel, and Plaintiff paid that amount.  It is not plausible that Judge Coker could have intended an additional $10,000 to be awarded solely for that expense, which had earlier been found to be only $750 and was apparently paid.  It *is* plausible that he intended the

4

$10,000 fee award to encompass the fees incurred throughout the proceeding, rather than just the fee already paid by Plaintiff for the filing of the Motion to Compel. Accordingly, the Court concludes that Judge Coker "allocated a portion of [Bigham's] fees to [Plaintiff] as an appropriate adjustment of the burden of support based on all the circumstances of the case" and that he "awarded the fees because [Plaintiff's] conduct had made them necessary, not to sanction or punish her for what she did." *Sealock*, 2021 WL 4558303, at *18 (Bankr. N.D. Ga. Oct. 5, 2021) (Bonapfel, J.);[5] *see also In re Trentadue*, 837 F.3d 743, 752 (7th Cir. 2016) ("There was no error in finding that the state court intended to remedy the financial harm caused by Trentadue's conduct in the litigation, which, as we have repeatedly stated, involved custody and child support issues.").

Therefore, the Court finds that the fees awarded to Defendant were in the nature of support, such that the debt for the fees is a DSO within the meaning of § 101(14A). Additionally, the $1,709.35 in fees awarded in the Final Contempt Order are also in the nature of support. Those fees were awarded because Bigham had to file the Contempt

---

[5] In this regard, this case is distinguishable from *O'Brien*, in which the court found that the domestic court must have intended the fees as a sanction because, although the parties had similar incomes, the debtor had a far superior net worth and the domestic court expressly considered factors such as "the numerous instances of wrongful conduct by the Debtor asserted by" the creditor. 574 B.R. 369, 379 (Bankr. N.D. Ga. 2017). Here, there are no facts regarding the parties' relative net worths, and Plaintiff had a greater income than Bigham. Having considered the entire record, the Court does not find that Plaintiff's discovery misconduct alone could explain an award of $10,000 in fees.

Petition to force Plaintiff to pay Bigham's attorney's fees, which this Court has found were in the nature of child support.  As the $1,709.35 in fees were incurred in furtherance of the collection of a DSO, the fees are also a DSO. *See In re Wilson*, 380 B.R. 49, 55 (Bankr. M.D. Fla. 2006) ("Finally, the nondischargeable obligation includes the amount awarded to the Plaintiff [the mother's attorney] as a result of the contempt proceeding that he initiated to collect the original debt. Attorney's fees awarded in a contempt action were ancillary to the primary obligation for child support and therefore nondischargeable.") (internal citation omitted); *In re Sposa*, 31 B.R. 307, 311 (Bankr. E.D. Va. 1983) ("Thus, attorney's fees awarded are nondischargeable when the proceeding in which they are awarded is closely related to the original nondischargeable support order.").

For the reasons stated above,

IT IS ORDERED that the debt owed by Plaintiff to Defendant in the amount of $9,709.35 is NONDISCHARGEABLE, pursuant to 11 U.S.C. § 523(a)(5).  The Court will enter a separate judgment concurrently with this Order.

**END OF DOCUMENT**

**Distribution List**

H. Brooks Cotten
H. Brooks Cotten, P.C.
40 Jefferson Street
Newnan, GA 30263

Melissa P. Sanford
200 Lee Street
Fayetteville, GA 30214

Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

Ginger Leigh Smith
148 Seay Rd
Fayetteville, GA 30215

David S Ballard
Ballard Law Office, LLC
113 Glynn Street S.
Fayetteville, GA 30214

7